UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT MALTZ, et al., | |
| Plaintiffs, | No. 24 CV 3301 |
| v. | Judge Thomas M. Durkin |
| UNITED AIRLINES, INC., | |
| Defendant. | |

### MEMORANDUM OPINION AND ORDER

Following removal to federal court by United, Plaintiffs move to remand back to state court. For the reasons stated below, Plaintiffs' motion is granted.

### Background

On March 15, 2024, Plaintiffs filed suit in the Circuit Court of Cook County alleging negligence against United and seeking damages for emotional harm. R. 1-1 ¶¶ 12–19. Plaintiffs were passengers on United Flight 1722 on December 18, 2022, flying from Hawaii to California, and allege that the aircraft took a "precipitous dive" and "came within seconds of crashing into the Pacific Ocean" before the pilots regained control. *Id.* ¶¶ 1, 5, 8. On April 24, 2024, United removed this case to federal court. R. 1. Plaintiffs now move to remand. R. 14.

### Discussion

"When a plaintiff files suit in state court but could have invoked the original jurisdiction of the federal courts, the defendant may remove the action to federal court." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). "The

1

party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Id*. Here, United argues that removal was proper under both admiralty jurisdiction and diversity jurisdiction. *See* R. 18.

Regarding admiralty jurisdiction, federal district courts have "original jurisdiction" of any "civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1). There is no dispute that this is an admiralty case. *See Lu Junhong v. Boeing Co.*, 792 F.3d 805, 807 (7th Cir. 2015) (admiralty jurisdiction existed for accident on a commercial flight that flew over international waters); *Williams v. United States*, 711 F.2d 893, 896 (9th Cir.1983) (flight from California to Hawaii was within admiralty jurisdiction). In their motion to remand, however, Plaintiffs invoke the saving-to-suitors clause of 28 U.S.C. § 1333(1).[1] R. 14. Historically, under the saving-to-suitors clause, "maritime plaintiffs generally have been able to choose the forum in which they bring *in personam* claims." *See In re Lion Air Flight JT 610 Crash*, 2024 WL 3665332, at *5 (7th Cir. Aug. 6, 2024) (providing a historical overview of admiralty jurisdiction and the saving-to-suitors clause). Applied today, the saving-to-suitors clause "bars removal to federal court of an admiralty case filed in state court." *Curry v. Boeing Co.*, 542 F. Supp. 3d 804, 820 (N.D. Ill. 2021).

---

[1] United argues that Plaintiffs waived the saving-to-suitors clause by failing to invoke the clause in the state-court complaint. R. 18 at 8. United relies on *Lu Junhong* for this argument, but the plaintiffs in *Lu Junhong* waived their argument because they *never* invoked the clause—neither in their complaint nor in their motion to remand. 792 F.3d at 818. Because, here, Plaintiffs invoked the clause in their motion to remand, Plaintiffs did not waive the argument.

2

It remains an open question of whether the saving-to-suitors clause bars removal when there is an independent basis for federal jurisdiction outside of admiralty. *Lion Air*, 2024 WL 3665332 at *7 n.8 ("We note the possibility that the [plaintiffs], whose claims were filed initially in state court, could have tried to object to removal, relying on certain authorities that interpret the saving-to-suitors clause to block removal of otherwise removable admiralty claims . . . [but we] have no occasion to address that possibility here."). Thus, under the saving-to-suitors clause, it remains an open question of whether United can remove at all. As a threshold issue, however, before the Court need reach that question, United must demonstrate an independent basis for removal. *See* Miller, 14A Fed. Prac. & Proc. Juris., § 3674 Removal of Admiralty Cases (4th ed.) ("[Saving-to-suitors] clause cases theoretically are removable, and a number of cases so hold, only if all of the elements of diversity jurisdiction—complete diversity of citizenship among these contesting parties and the requisite amount in controversy—or some other federal subject-matter jurisdiction basis is present in the action. . . . [A]n independent basis of federal jurisdiction and satisfaction of all the removability prerequisites will trump an otherwise nonremovable state initiated saving-to-suitors action.")

United contends that diversity jurisdiction provides an independent basis for removal. R. 18 at 9. There is no dispute that the elements for diversity jurisdiction set forth in 28 U.S.C. § 1332(a)—complete diversity of citizenship between the parties and amount in controversy over $75,000—are met. *See* R. 14 at 5. But there is also no dispute that United is a citizen of Illinois. R. 1-1 ¶ 2. As such, United is subject to

3

the forum defendant rule, which provides that a "civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the [defendants] is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Under its plain application, the forum defendant rule bars removal under diversity jurisdiction because United is a citizen of Illinois. Diversity jurisdiction is thus not an independent basis for removal.

Although neither admiralty nor diversity jurisdiction is an independent basis for federal jurisdiction, United argues that "the forum defendant rule, in its own words, only bars removal of cases that are 'solely' removable on the basis of diversity jurisdiction" and because there is both "admiralty and diversity jurisdiction, the forum defendant rule does not prevent removal." R. 18 at 11. Courts in this District disagree on whether United's reasoning is sound.

United relies primarily on *Curry v. Boeing* to support its position. *See* R. 14. In *Curry*, the court addressed the layered issue of the saving-to-suitors clause and the forum defendant rule. 542 F. Supp. 3d at 820. The court denied a motion for remand on the basis that the forum defendant rule was a question of "removal *procedure* unrelated to the *substantive* question of whether the suit in fact falls within the federal jurisdiction." 542 F. Supp. 3d at 820. In other words, according to *Curry*, where the substantive requirements of complete diversity and amount in controversy were met, that was sufficient to avoid remand based on the saving-to-suitors clause regardless of the forum defendant rule. *See id.*

4

But the sources on which *Curry* relies suggest that to avoid the saving-to-suitors clause, the defendant is required to demonstrate a complete and independent basis for jurisdiction. *See Curry*, 542 F. Supp. 3d at 819–20. *Curry* relies on the Miller treatise which states that an "independent basis of federal jurisdiction *and satisfaction of all the removability prerequisites* will trump an otherwise nonremovable state initiated saving-to-suitors action." *Id.* (citing Miller at § 3674) (emphasis added). *Curry* also relies on *Brown v. Porter*, 149 F. Supp. 3d 963, 968–69 (N.D. Ill. 2016), which in turn relies on *In re Chimenti*, 79 F.3d 534, 537–38 (6th Cir. 1996). In *Chimenti*, the Sixth Circuit explained that courts have "consistently interpreted the [saving-to-suitors clause] to preclude removal of maritime actions brought in state court and invoking a state law remedy, provided there is *no independent federal basis for removal.*" *Id.* at 537 (emphasis added).

In contrast to *Curry*, *Riyanto v. Boeing* also addressed the layered issue of the savings-to-suitors clause and the forum defendant rule but granted the motion for remand. 638 F. Supp. 3d 902, 911 (N.D. Ill. 2022). The court found that the defendant "offered no logical reason for allowing it to combine two nonremovable grounds for jurisdiction to defeat application of the saving-to-suitors clause." *Id*. The court explained that "the most sensible way to analyze removal" was to "consider[] and decide[] each basis for removal separately." *Id*. The Court agrees with the findings in *Riyanto*. United is unable to remove on admiralty jurisdiction because of the saving-to-suitors clause and unable to remove on diversity jurisdiction because of the forum defendant rule. Jurisdiction is not a math equation, and this is not a situation where

5

two half-jurisdictions make one whole. United is unable to assert a single, independent ground for federal jurisdiction. The Court need not reach the question of whether the saving-to-suitors clause bars removal when there is an independent basis for federal jurisdiction because, here, United was unable to demonstrate an independent basis. For these reasons, Plaintiffs' motion to remand is granted.

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

DATED: August 13, 2024